# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MCMILLAN CONSTRUCTION SERVICES, L.P., a California Limited Partnership, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ARCH SPECIALTY INSURANCE COMPANY, et al., <br><br> Defendants. | CASE NO. 10cv2592 DMS (MDD) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** <br><br> **[Docket No. 32]** |

This case comes before the Court on Defendant Illinois Union Insurance Company's motion for summary judgment. Plaintiffs filed an opposition to the motion,[1] and Defendant filed a reply. For the reasons discussed below, the Court grants in part and denies in part Defendant's motion.

**I.**

**BACKGROUND**

On November 17, 2010, Plaintiffs McMillan Construction Services, L.P., McMillan Management Services, L.P. and Corky McMillan Construction Services, L.P. ("Plaintiffs") filed the present case in San Diego Superior Court. Plaintiffs allege claims for declaratory relief, breach of

---

[1] In their opposition to the motion, Plaintiffs request the Court deny the motion pursuant to Federal Rule of Civil Procedure 56(d). However, Plaintiffs have not met the standard for continuance or denial of the motion under that Rule. Accordingly, the Court declines that request.

1  contract and bad faith against a number of insurance companies, including Defendant Illinois Union
2  Insurance Company ("Defendant").  Plaintiffs allege Defendants have a duty to defend and indemnify
3  Plaintiffs against claims arising out of a construction defect action brought against Plaintiffs in San
4  Diego Superior Court.  That underlying action is currently stayed.  Defendants American International
5  Speciality Lines Insurance Company and Lexington Insurance Company removed the present case to
6  this Court on December 16, 2010.  On May 5, 2011, this Court stayed the indemnity portion of this case
7  pending the stay of the underlying construction defect action.[2]

8  With respect to the present motion, Defendant issued an insurance policy to Pacific Window
9  Corporation on or about May 17, 2004.  (*See* Decl. of Robyn Walcoff in Supp. of Mot. ("Walcoff
10 Decl."), Ex. B.)  That policy was amended on September 1, 2004, to include Magna Window
11 Corporation ("Magna") as an additional Named Insured.  (Walcoff Decl., Ex. B at 57.)  On December
12 16, 2004, Plaintiffs entered into a written contract with Magna concerning work on the underlying
13 construction project.  (*See* Appendix of Exs. in Supp. of Pls.' Opp'n to Mot., Ex. 1.)  That contract
14 required Magna to name Plaintiffs as an additional insured under Defendant's policy.  (*Id.*)

15 In response to the construction defect action, Plaintiffs filed a claim under Defendant's policy,
16 which Defendant denied.  The present case was filed shortly thereafter.

## II.

## DISCUSSION

19 Defendant moves for summary judgment in its entirety on the ground that its policy does not
20 include a duty to defend.  Absent a duty to defend, Defendant argues it cannot be held liable for breach
21 of contract or bad faith, and it is entitled to summary judgment on Plaintiffs' declaratory judgment
22 claim.

**A.  Standard of Review**

24 Summary judgment is appropriate if there is no genuine issue as to any material fact, and the
25 moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The moving party has
26 the initial burden of demonstrating that summary judgment is proper.  *Adickes v. S.H. Kress & Co.*, 398

---

[2] In light of the stay, this Order is limited to the duty to defend.  To the extent Defendant moves for summary judgment on Plaintiffs' claims related to the duty to indemnify, that motion is denied without prejudice.

1  U.S. 144, 157 (1970). The moving party must identify the pleadings, depositions, affidavits, or other
2  evidence that it "believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp.*
3  *v. Catrett*, 477 U.S. 317, 323 (1986). "A material issue of fact is one that affects the outcome of the
4  litigation and requires a trial to resolve the parties' differing versions of the truth." *S.E.C. v. Seaboard*
5  *Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982).

6  The burden then shifts to the opposing party to show that summary judgment is not appropriate.
7  *Celotex*, 477 U.S. at 324. The opposing party's evidence is to be believed, and all justifiable inferences
8  are to be drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, to
9  avoid summary judgment, the opposing party cannot rest solely on conclusory allegations. *Berg v.*
10 *Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). Instead, it must designate specific facts showing there
11 is a genuine issue for trial. *Id. See also Butler v. San Diego District Attorney's Office*, 370 F.3d 956,
12 958 (9th Cir. 2004) (stating if defendant produces enough evidence to require plaintiff to go beyond
13 pleadings, plaintiff must counter by producing evidence of his own). More than a "metaphysical doubt"
14 is required to establish a genuine issue of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith*
15 *Radio Corp.*, 475 U.S. 574, 586 (1986).

16 **B.    Duty to Defend**

17 The threshold issue in this motion is whether Defendant's policy includes a duty to defend.
18 Defendant argues it does not, and it cites to the Self-Insured Retention ("SIR") Endorsement. That
19 Endorsement deletes the Insuring Agreement clause of the policy, which states the insurer "will have
20 the right and duty to defend the insured against any 'suit' seeking" damages, (Walcoff Decl., Ex. B at
21 4), and replaces it with the following clause:

22  We will pay those sums that the insured becomes legally obligated to pay as damages
    because of 'bodily injury' (other than 'bodily injury' arising out of 'personal and
23  advertising injury') or 'property damage' to which this insurance applies, and which are
    in excess of the 'Self Insured Retention' stated in the Declarations.
24

25 (Walcoff Decl., Ex. C at 1.) Defendant asserts this clause reflects that the policy is an indemnity-only
26 policy, and it does not include a duty to defend.

27 Plaintiffs dispute this assertion, and they raise two arguments in support. First, Plaintiffs argue
28 they reasonably expected the policy included a duty to defend. However, as Defendant points out,

1  evidence of the parties intent is irrelevant if the policy language is unambiguous, *see Am. Star Ins. Co.*
2  *v. Ins. Co. of the West*, 232 Cal. App. 3d 1320, 1330 (1991) ("Where the policy unambiguously provides
3  for coverage, evidence of intent is irrelevant."), and here Plaintiffs do not assert the policy language is
4  ambiguous.  Furthermore, even if evidence of intent were relevant, the Court would be concerned only
5  with the intent of the parties at the time of contracting. *See Galardi Group Franchise & Leasing, LLC*
6  *v. City of El Cajon*, 196 Cal. App. 4th 280, 287 (2011) (stating goal of contract interpretation is to
7  ascertain parties' mutual intent at time of contracting).  Here, Plaintiffs were not parties to the contract
8  at the time of contracting, but rather were added as additional insureds more than seven months after
9  the contract was executed. (Appendix of Exs. in Supp. of Pls.' Opp'n to Mot., Ex. 2.)  Thus, Plaintiffs'
10 intent would be irrelevant even if the policy language was ambiguous.

11         Second, Plaintiffs argue the SIR Endorsement is unenforceable because it is not conspicuous,
12 plain or clear.  Defendant disputes that the conspicuous, plain and clear rule applies to the SIR
13 Endorsement, but the California Supreme Court has applied that rule to other endorsements. *See Haynes*
14 *v. Farmers Ins. Exchange*, 32 Cal. 4th 1198, 1204 (2004) (quoting *Steven v. Fidelity & Casualty Co.*, 58
15 Cal. 2d 862, 878 (1962)) (applying rule to permissive user endorsement).  Thus, the Court agrees with
16 Plaintiffs that the SIR Endorsement is not enforceable unless it is conspicuous, plain and clear.

17         Defendant asserts the SIR Endorsement at issue here satisfies those requirements, and in support
18 of that assertion, Defendant cites *General Star Indemnity Co. v. Superior Court*, 47 Cal. App. 4th 1586
19 (1996).  In that case, as here, the defendant argued it "had no duty to defend according to the plain
20 wording of the SIR endorsement, nor any other duties until after exhaustion of [the insured's] Retained
21 Limit." Id. at 1591.  The SIR endorsement at issue in *General Star*, like the endorsement in this case,
22 stated at the top of the form: "THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ
23 IT CAREFULLY."  *Compare id.* at 1590 *with* Walcoff Decl., Ex. B at 33.  The substance of the
24 endorsement in *General Star*, like the endorsement at issue here, also removed the insurer's duty to
25 defend from the policy. 47 Cal. App. 4th at 1590.  The trial court found this language did not negate the
26 insurer's duty to defend, but the court of appeal reversed that decision.  It found the language of the
27 endorsement was "plain," and that "General Star had no duty to defend." *Id.* at 1592-93.  Plaintiffs here
28 fail to explain how the SIR Endorsement at issue in this case is different from that in *General Star*.

1  / / /

2  Thus, this Court finds, like the court in *General Star*, that the SIR Endorsement satisfies the
3  conspicuous, plain and clear rule.

4  In light of this finding, the Court concludes that Defendant's policy does not include a duty to
5  defend. Absent a duty to defend, Defendant is entitled to summary judgment on Plaintiffs' breach of
6  contract, bad faith and declaratory judgment claims to the extent they rely on that duty.

## III.
## CONCLUSION

For these reasons, the Court grants in part and denies in part Defendant's motion for summary judgment. Specifically, the Court grants the motion on Plaintiffs' claims to the extent they rely on a duty to defend. To the extent Plaintiffs' claims rely on a duty to indemnify, Defendant's motion is denied without prejudice.

**IT IS SO ORDERED**.

DATED: August 29, 2011

_____
HON. DANA M. SABRAW
United States District Judge