# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MCMILLIN CONSTRUCTION SERVICES, L.P., a California Limited Partnership, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>ARCH SPECIALTY INSURANCE COMPANY, et al.,<br><br>Defendants. | CASE NO. 10cv2592 DMS (MDD)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>**[Docket No. 54]** |

This case comes before the Court on Defendants American International Specialty Lines Insurance Company and Lexington Insurance Company's motion for partial summary judgment. Plaintiffs filed an opposition to the motion, and Defendants filed a reply. For the reasons discussed below, the Court denies Defendants' motion.

## I.
## BACKGROUND

On November 17, 2010, Plaintiffs McMillin Construction Services, L.P., McMillin Management Services, L.P. and Corky McMillin Construction Services, L.P. ("Plaintiffs") filed the present case in San Diego Superior Court. Plaintiffs allege claims for declaratory relief, breach of contract and bad faith against a number of insurance companies, including Defendants American International Specialty Lines Insurance Company and Lexington Insurance Company ("Defendants"). Plaintiffs allege

1  Defendants have a duty to defend and indemnify Plaintiffs against claims arising out of a construction
2  defect action brought against Plaintiffs in San Diego Superior Court. That underlying action is currently
3  stayed. Defendants removed the present case to this Court on December 16, 2010. On May 5, 2011,
4  this Court stayed the indemnity portion of this case pending the stay of the underlying construction
5  defect action.

6  With respect to the present motion, Defendant Lexington issued an insurance policy to MJB
7  Heating & Air Conditioning, Inc. ("MJB") on or about August 16, 2003. (Defs.' Appendix of Exs. in
8  Supp. of Mot., Ex. A.) That policy provided coverage to MJB for work it performed as a subcontractor
9  for Plaintiff McMillin Construction Services, L.P. That policy was amended on or about August 22,
10 2003, to include McMillin as an Additional Insured. (Pls.' Appendix of Exs. in Supp. of Opp'n to Mot.,
11 Ex. 3.) In response to the construction defect action, Plaintiffs filed a claim under the Lexington policy,
12 which was denied. The present case was filed thereafter.

## II.

## DISCUSSION

15 Defendants move for partial summary judgment on the ground that the Lexington policy does
16 not include a duty to defend. Absent a duty to defend, Defendants argue they cannot be held liable for
17 breach of contract or bad faith, and they are entitled to summary judgment on Plaintiffs' declaratory
18 judgment claim.

19 **A.    Standard of Review**

20 Summary judgment is appropriate if there is no genuine issue as to any material fact, and the
21 moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party has
22 the initial burden of demonstrating that summary judgment is proper. *Adickes v. S.H. Kress & Co.*, 398
23 U.S. 144, 157 (1970). The moving party must identify the pleadings, depositions, affidavits, or other
24 evidence that it "believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp.*
25 *v. Catrett*, 477 U.S. 317, 323 (1986). "A material issue of fact is one that affects the outcome of the
26 litigation and requires a trial to resolve the parties' differing versions of the truth." *S.E.C. v. Seaboard*
27 *Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982).

1  The burden then shifts to the opposing party to show that summary judgment is not appropriate. *Celotex*, 477 U.S. at 324. The opposing party's evidence is to be believed, and all justifiable inferences are to be drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, to avoid summary judgment, the opposing party cannot rest solely on conclusory allegations. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). Instead, it must designate specific facts showing there is a genuine issue for trial. *Id. See also Butler v. San Diego District Attorney's Office*, 370 F.3d 956, 958 (9th Cir. 2004) (stating if defendant produces enough evidence to require plaintiff to go beyond pleadings, plaintiff must counter by producing evidence of his own). More than a "metaphysical doubt" is required to establish a genuine issue of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

**B.  Duty to Defend**

Defendants argue they have no duty to defend Plaintiffs from the underlying construction defect action according to the Lexington policy. In support of this argument, Defendants rely on two provisions of the policy. The first is the Additional Insured Endorsement, which amends Section II of the policy "to include as an insured the person or organization shown in the Schedule, but only with respect to liability arising out of your ongoing operations performed for that insured." (Defs.' Appendix of Exs. in Supp. of Mot., Ex. A at LEX 00165.) Next, Defendants rely on exclusions j(5) and j(6), which exclude coverage for "property damage" to:

> (5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or
>
> (6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

(*Id.* at LEX 00124.)

  1.  The Additional Insured Endorsement

As stated above, the policy provides coverage for an Additional Insured, "but only with respect to liability arising out of your ongoing operations performed for that insured." (*Id.* at LEX 00165.) Defendants argue this language provides a duty to defend, but only during the time in which MJB was engaged in "ongoing operations" for Plaintiffs. Because the operations are no longer ongoing,

1  Defendants assert they no longer have a duty to defend under the policy.  Plaintiffs focus not on the
2  "ongoing operations" language of the provision, but instead on the "arising out of" language, and argue
3  that language provides broad coverage for damages "arising out of" MJB's conduct, regardless of
4  timing.  Alternatively, Plaintiffs assert the "ongoing operations" language is ambiguous.

5  In *Tri-Star Theme Builders, Inc. v. OneBeacon Ins. Co.*, No. 09-17167, 2011 WL 1361468 (9th
6  Cir. Apr. 11, 2011), the Ninth Circuit addressed an additional insured endorsement similar to the one
7  at issue in this case.  That policy, like the policy at issue here, added the additional insured, "'but only
8  with respect to liability arising out of ... [Golden West's] ongoing operations performed for ... [Tri-Star]
9  on the [Project][.]'" *Id.* at *1.  The district court interpreted this language consistent with Defendants'
10 proposed construction here, and entered summary judgment in favor of the insurer.  *Id.*  However, the
11 Ninth Circuit reversed that decision finding the language ambiguous.  It stated the language could be
12 construed as imposing a temporal limitation on coverage, as Defendants urge here, but it was equally
13 reasonably to construe the language as addressing "'only the type of activity ... from which the ...
14 liability must arise in order to be covered, not when the injury or damage must occur.'"  *Id.* at *4
15 (quoting 3 Daven Lowhurst, *et al.*, *New Appleman Ins. Law Practice Guide* 30A-66 (Jeffrey E. Thomas
16 *et al.* eds., 2011)).

17 Defendants urge the Court to ignore *Tri-Star* because it is an unpublished decision, and it
18 involves the application of Arizona law.[1]  Those facts are certainly relevant to the weight to be afforded
19 *Tri-Star*, but neither fact removes *Tri-Star*'s persuasive value.  On the facts, this case is on all fours with
20 *Tri-Star*, and the relevant policy language is identical.  Furthermore, although Arizona law and
21 California law may not be on all fours on contract interpretation in general, their analysis of ambiguity
22 is the same, and ambiguity is the central issue in both cases.

23 Finding the reasoning of *Tri-Star* persuasive, this Court finds there is an ambiguity in the
24 Additional Insured Endorsement at issue in this case.  In light of that ambiguity, Defendants are not
25 entitled to summary judgment based on the Additional Insured Endorsement.
26 / / /
27

28  [1] Instead, Defendants urge the Court to follow *Pardee Construction Co. v. Ins. Co. of the West*, 77 Cal. App. 4th 1340 (2000).  However, that case does not directly address the issue raised here.  Accordingly, this Court declines to follow *Pardee*.

/ / /

/ / /

      2.     Exclusions j(5) and j(6)

Defendants' other argument in support of their motion for summary judgment is that exclusions j(5) and j(6) bar coverage under the policy. Specifically, Defendants argue these exclusions "limit coverage during ongoing operations to damage to third party persons or properties." (Mem. of P. & A. in Supp. of Mot. at 8.) According to Defendants, "[p]ursuant to j(5) and j(6), property damage to the work itself while work is ongoing is excluded." (Reply at 8.)

Even applying Defendants' interpretation, exclusions j(5) and j(6) would not bar coverage in light of the ambiguity in the Additional Insured Endorsement. If the Lexington policy covers damages arising out of MJB's operations, regardless of timing, the j(5) and j(6) exclusions would at most bar coverage for certain injury and property damage occurring during MJB's operations. In addition, because the underlying construction defect action alleges damage to third party properties arising out of MJB's operations, exclusions j(5) and j(6) do not apply.

It is Defendants' burden to show these exclusions apply to Plaintiffs' claim. *Aydin Corp. v. First State Ins. Co.*, 18 Cal. 4th 1183, 1188 (1998) (citations omitted). Defendants have not met that burden here, and thus they are not entitled to summary judgment based on the exclusions.

## III.

## CONCLUSION

For these reasons, the Court denies Defendants' motion for partial summary judgment.

**IT IS SO ORDERED**.

DATED: January 25, 2012

                                              HON. DANA M. SABRAW
                                              United States District Judge